UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ALLM USA Inc., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 19-11859-LTS |
| JESSSE WALLACE, | ) | |
| Defendant. | ) | |

ORDER ON MOTION FOR PRELIMINARY INJUNCTION (DOC. NO. 5)

September 13, 2019

SOROKIN, J.

Plaintiff filed a verified complaint (Doc. No. 1) and moved for a preliminary injunction (Doc. No. 5). After service of the foregoing papers on the Defendant, the Court held a hearing at which the Plaintiff appeared and the Defendant appeared *pro se*. The Court heard at length from both parties and took an oral statement from the Defendant under oath. As a result of the foregoing, and in light of the applicable law governing the issuance of a preliminary injunction, Shurtleff v. City of Boston, 928 F.3d 166 (1st Cir. 2019), as well as the Defendant's agreement to be bound by the terms below, the Court hereby ORDERS AND ENJOINS the Defendant, Mr. Jesse Wallace, as follows.

1. No later than Monday September 16, 2019 at 9:00 p.m., Mr. Wallace shall provide the tablet identified in the Complaint (Doc. No. 1 at ¶¶ 26, 40) and discussed at today's hearing, to an employee of the Plaintiff's law firm at a mutually convenient time and place. The law firm employee shall provide Mr. Wallace a written receipt for the tablet. The law firm shall preserve the tablet in the exact condition in which it is received from Mr. Wallace until it turns the tablet over to the firm's third-party forensic consultant.

1

The forensic consultant shall mirror-image the tablet after which it may conduct a forensic evaluation—all of which shall, at least for now, be at the expense of the Plaintiff. The forensic consultant may not in any way disclose any information recovered from the tablet to any person other than: (a) persons at the forensic consulting firm conducting the evaluation (and then only for that purpose) and (b) the law firm representing Plaintiff. Such disclosures to the law firm, however, shall not include any personal information of Mr. Wallace's (e.g., personal email, browsing history unrelated to the allegations of the Complaint, etc.) without prior permission from the Court.

2. Mr. Wallace states under oath that he does not have possession, custody, or control of any of Plaintiff's Trade Secret Information (as that term is defined in the Complaint, Doc. No. 1 at ¶ 9) and agrees that he shall not access any such information.

3. Mr. Wallace states under oath that he does not have access to any of Plaintiff's Trade Secret Information, computers, computer systems, network, or electronic files and documents, and Mr. Wallace agrees that he shall not access any of Plaintiff's Trade Secret Information, computers, computer systems, network, or electronic files and documents.

4. Mr. Wallace states under oath that he has not provided any of the information or access described in paragraphs 3 and 4 to any other person and Mr. Wallace agrees that he shall not do so.

5. Mr. Wallace agrees he will not enter or attempt to enter Plaintiff's office suite. He shall not do so. This Order does not prohibit Mr. Wallace from going to the building in which Plaintiff's office suite is located or to any other office within that building.

6. Mr. Wallace shall not destroy, delete, or tamper with any of Plaintiff's computers, computer systems, network, or electronic files and documents.

The Court notes that Mr. Wallace disputes that he committed any of the misconduct alleged by Plaintiff in its Complaint. The Court enters the foregoing Orders by agreement, not based upon

a determination that Mr. Wallace did what the Complaint alleges. Plaintiff's request for a forensic search of other electronic devices in the possession, custody, or control of Mr. Wallace is DENIED.

No later than Friday September 20, 2019, Plaintiff shall file a status report informing the Court when it anticipates it will receive the results of its forensic evaluations of the laptop, network and tablet referenced in its Complaint ([Doc. No. 1 at ¶¶ 45-46](#)). No later than seven days after receipt of the results of those evaluations, Plaintiff shall file a joint status report informing the Court of the parties' joint or separate positions as to how they propose this case should proceed. Until the Court enters a ruling in response to that Joint Status Report, Defendant's deadline to answer the Complaint is STAYED. The Court authorizes the *pro se* Defendant to use the ECF system for filing of and receipt of filings provided he undertakes the ordinary steps required by the Clerk's Office.

The Motion for a Preliminary Injunction ([Doc. No. 5](#)) is ALLOWED IN PART as set forth herein and OTHERWISE DENIED.

                                                      SO ORDERED.

                                                   /s/ Leo T. Sorokin
                                                 Leo T. Sorokin
                                                 United States District Judge